UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RANDELL ORANGE | CIVIL ACTION NO. 12-2889 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 61) filed by pro se petitioner Randell Orange ("Petitioner"). Petitioner appeals Magistrate Judge Hornsby's Order (Record Document 59), which denied Petitioner's Motion for the Appointment of Counsel for failure to show exceptional circumstances.

The decision to deny appointment of counsel by Magistrate Judge Hornsby related to a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as a dispositive motion (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's order was not a recommendation to the district court; rather, it is an order from a magistrate judge on non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). The Court reviews Magistrate Judge Hornsby's legal conclusion de novo, and reviews his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5th 2005).

"The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances."

Ulmer v. Chan. 691 F.2d 209, 212 (5th Cir. 1982).  There are a number of factors that should be considered when deciding a motion to appoint counsel.  The factors are: "1) the type and complexity of the case, 2) whether the indigent is capable of adequately presenting his case, 3) whether the indigent is in a position to investigate adequately the case, and 4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination."  Id. at 213 (internal citations omitted).

After consideration of the original motion, the appeal, and the facts of this case under the exceptional circumstances standard, the Court concludes that Magistrate Judge Hornsby's Order denying the appointment of counsel was neither clearly erroneous nor contrary to law.  The Court does not find this case to be complex.  While Petitioner sought appointment of counsel to overcome his limitations with respect to legal research and discovery, he has shown the ability to represent himself and litigate his claim up to this point, as he has filed numerous motions with the Court including the instant appeal and a dispositive motion.  Petitioner's arguments as to factors three and four also fail to convince the undersigned that the appointment of counsel is appropriate in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's Magistrate Appeal (Record Document 61) be and is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of June 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE